J-A21039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM HECKMAN | |
| Appellant | No. 1847 WDA 2016 |

Appeal from the PCRA Order entered November 2, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos:  CP-02-CR-0006074-1979; CP-02-CR-0006099-1979

BEFORE:  BENDER, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED  NOVEMBER 9, 2017**

Appellant, William Heckman, appeals *pro se* from the November 2, 2016 order entered in the Court of Common Pleas of Allegheny County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Following review, we affirm.

On March 22, 1980, a jury convicted Appellant of first-degree murder for the shooting death of his wife as well as recklessly endangering the life of their young daughter.   The trial court denied Appellant's post-verdict motions and, on May 27, 1981, imposed a sentence of life in prison without parole for murder, while suspending the sentence for reckless endangerment.   Appellant filed an appeal with this Court.   By memorandum

decision dated October 29, 1982, we affirmed his judgment of sentence. Our Supreme Court denied allocatur on October 19, 1983. Appellant did not seek a writ of certiorari to the United States Supreme Court (according to counsel appointed in prior post-conviction proceedings[1]). Therefore, Appellant's judgment was final 60 days later, on December 18, 1983.[2]

Appellant filed his first petition for collateral relief *pro se* under the Post Conviction Hearing Act, the PCRA's predecessor. The court appointed counsel who filed a supplemental petition on Appellant's behalf. The PCRA court ultimately dismissed the petition without a hearing on September 23, 1988. Appellant unsuccessfully appealed to this Court, although our record does not include a copy of this Court's Memorandum Opinion.

Appellant filed a second petition for collateral relief on November 16, 1999, pursuant to the PCRA. By order entered November 20, 2000, the PCRA court dismissed the petition. On January 18, 2011, in response to Appellant's third petition for collateral relief, the PCRA court issued a Rule

_____

[1] The background included herein is based on our review of the record, including procedural and factual background provided by counsel appointed for Appellant's second post-conviction collateral proceedings. *See* No-Merit Letter, 7/26/00, from J. Richard Narvin, Esquire, to the Honorable Donald Machen.

[2] *See* U.S. Sup. Ct. R. 20 (effective June 30, 1980; amended August 1, 1984 at U.S. Sup. Ct. R. 20.1) (allowing 60 days to file petition for writ of certiorari). United States Supreme Court Rule 13 is the current rule, which allows 90 days to file a petition for writ of certiorari. *See* U.S. Sup .Ct. R. 13.

907 notice of its intent to dismiss the petition. By order entered February 14, 2011, the court dismissed the petition for failure to raise a cognizable claim under the PCRA.

On August 25, 2016, Appellant filed a document titled, "Memorandum of Law in Support of Motion to Dismiss/and Vacate Sentence Due to Lack of 'Subject Matter Jurisdiction.'" The PCRA court treated the document as a PCRA petition.[3] On September 15, 2016, the PCRA court issued a Rule 907 notice of its intention to dismiss the petition without a hearing noting, *inter alia*, that the petition was untimely and that Appellant had failed to prove any exception to the PCRA's time bar. On November 2, 2016, the court issued its order dismissing the petition without a hearing after "independently review[ing] the record" and determining that "no purpose would be served by any further proceedings." Order, 11/2/16, at 1. This timely appeal followed. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

_____

[3] As mandated by 42 Pa.C.S.A. § 9542, "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."

Appellant filed a brief with this Court. Before addressing the merits, if any, of the issue Appellant asks us to consider, we must determine whether either the PCRA court or this Court has jurisdiction over this matter.

In accordance with 42 Pa.C.S.A. § 9545(b)(1), a PCRA petition must be filed within one year of the date the underlying judgment became final unless the petitioner proves an exception to the timeliness requirement. As noted above, Appellant's judgment became final on December 18, 1983. He did not plead or prove any exception to the PCRA's time bar. Therefore, because Appellant's petition was filed well in excess of one year after his judgment became final, his petition is untimely. As our Supreme Court has explained, timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016). In this instance, the PCRA court correctly concluded that Appellant's petition was untimely filed and properly dismissed the petition without a hearing.

Due to the untimeliness of Appellant's petition, the PCRA court lacked jurisdiction to consider its merits. This Court likewise lacks jurisdiction to consider the issue Appellant raised in this appeal in light of the PCRA's time bar. **Id.**

Even if the petition had been timely filed, Appellant would not be entitled to relief. First, Appellant contends that the order in question is a 1980 order imposing his life sentence rather than the November 2, 2016 order dismissing his PCRA petition. Appellant's Brief at 2 (unnumbered).

Second, the issue presented in his brief asks if the evidence at trial was sufficient and questions the trial court's disallowance of a handwriting expert. *Id.* At 5 (unnumbered). Because Appellant could have raised sufficiency of evidence and evidentiary rulings as issues on direct appeal but did not do so, his claim is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 1944(b); *Commonwealth v. Heckman*, 453 A.2d 1060 (Pa. Super. 1982) (unpublished memorandum).[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017

---

[4] The issues presented on direct appeal related to a written statement improperly being sent out with the jury and with the jury charge.